IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSHUA B DYAR,

    Petitioner,

v.                                               CASE NO. 1:13-cv-173-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2010 Gilchrist County guilty-plea conviction and sentence for first degree murder, grand theft, and petit theft, for which he is serving a total 50-year sentence. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 12. Although the Court ordered Petitioner to show cause as to why the motion to dismiss should not be granted, Petitioner failed to respond. Doc. 14. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

### One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, and Petitioner does not contest the accuracy of that summary. Briefly, Petitioner was sentenced on November 18, 2010.  App. Exh.  E at 22. Petitioner did not appeal.   April 20, 2011, Petitioner filed a motion for a discretionary reduction of sentence pursuant to Fla. R. Crim. P. 3.800(c).  App. Exh. J.  On May 12, 2011, the trial court entered an order dismissing the motion for modification of sentence as untimely.  App. Exh. K.   Because the motion was not timely filed, it did not serve to toll the federal limitations period.  *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

On July 18, 2011, Petitioner filed a timely petition for belated appeal in the First DCA.  App. Exh. F.  The Supreme Court has recognized that a request to file an out-of-time appeal is a form of state collateral proceeding that tolls the federal limitations period.  *See Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 686-87 (2009).   At that point, 253 days of the federal habeas filing period had elapsed.  Following an evidentiary hearing before a special master, the First DCA dismissed the petition on December 15, 2011.  App. Exh. I.

105 days later, on March 28, 2012, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Appellate Procedure 3.850.  App. Exh. L.  At that point, 358 days of the federal habeas filing period had elapsed.  The motion remained

Case 1:13-cv-00173-MP-GRJ   Document 15   Filed 12/31/14   Page 3 of 5

Page 3 of 5

pending until April 19, 2012, when the trial court summarily denied the motion. App. Exh. M.  Petitioner did not appeal.  With only seven days remaining in the federal habeas filing period, Petitioner filed no further state motions until October 24, 2012, when he filed a second Rule 3.850 motion for postconviction relief.  App. Exh. N.  At that point, the federal limitations had already expired and therefore Petitioner's second postconviction motion, even if it was properly filed, did not toll the federal limitations period because there was nothing left to toll.  The trial court denied the motion on November 13, 2012.  App. Exh. O.  On February 14, 2013, the First DCA affirmed *per curiam* without opinion.  Petitioner filed subsequent state-court motions for postconviction relief, none of which affected the expired federal limitations period.  Doc. 12 at 4.

Petitioner initiated the instant case on September 3, 2013, by filing a motion for extension of time to file a federal habeas corpus petition.  Doc. 1.  The Court denied the motion and advised Petitioner that it had no authority to extend the federal limitations period.  Doc. 3.  The Court afforded Petitioner the opportunity to file a petition, which would relate back to the filing date of the motion.  *Id*.  Petitioner then filed his petition. Doc. 4.

The instant petition is clearly untimely because the federal habeas corpus limitations period expired on or about April 26, 2012.  Equitable tolling of the limitations period is appropriate only when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the

Petitioner must show that the untimeliness of his petition was "*both* beyond his control and unavoidable even with due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added). Petitioner does not contend that he is entitled to equitable tolling of the limitations period, nor does the record present any grounds for affording Petitioner the benefit of equitable tolling.

For these reasons, the Respondent's motion to dismiss the petition as time-barred is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 12, be **GRANTED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 31st day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**